# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| JAMES WEAVER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 18-0146-WS-M |
| ALABAMA MARINE PATROL, et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand. (Doc. 2). The parties have filed briefs and other materials in support of their respective positions, (Docs. 4, 5), and the motion is ripe for resolution.

In July 2016, the plaintiff sued Officer Mike Nelson and four entity defendants. According to the complaint, (Doc. 4-1), Weaver boarded the plaintiff's watercraft, arrested the plaintiff and placed him in handcuffs. In transferring from his vessel to Nelson's vessel, the plaintiff fell into the water and was rescued by two bystanders. In the course of transit or during the fall, the plaintiff's neck was broken. The plaintiff complained of extreme neck pain and requested to be taken to a hospital, but Nelson declined. The plaintiff later went to the hospital and was diagnosed with a broken neck. (*Id*. at 4). No further facts are stated. There follow two counts. "COUNT ONE: NEGLIGENCE" incorporates the preceding allegations and alleges that the defendants "acted negligently toward plaintiff." (*Id*. at 4-5). "COUNT TWO: WANTONNESS" incorporates the preceding allegations and alleges that the defendants "were wanton in their actions toward Plaintiff." (*Id*. at 5-6).

Two defendants successfully moved for dismissal. In March 2018, the plaintiff filed an amended complaint adding a third cause of action, prompting the

instant removal by Nelson. The single ground of the plaintiff's motion to remand is that removal was not accomplished within the 30-day period of 28 U.S.C. § 1446(b)(1). Removal occurred less than 30 days after the amended complaint was filed in state court, but the plaintiff argues that the defendants should have removed the original complaint back in 2016.

The parties agree that complete diversity has at all times been lacking, and Nelson removed not on that basis but on the basis of federal question, arguing that Count Three (added by the amended complaint) asserts a federal claim. The plaintiff does not directly respond to this argument but instead argues that Counts One and/or Two of the original complaint asserted a federal claim, such that the 30-day removal clock expired long ago.

The Court has set out above the factual allegations of the original complaint, the title of its two counts, and their content (other than damages). It is painfully obvious that those counts assert state causes of action and not, as the plaintiff argues, federal claims brought under 42 U.S.C. § 1983. First, the counts are explicitly called claims for "negligence" and "wantonness," which are state claims, not federal claims. Second, and similarly, the body of the counts likewise accuses the defendants of acting "negligently" and of being "wanton in their actions." Third, Alabama plaintiffs can and do assert state-law claims of negligence and/or wantonness against law enforcement officers based on their conduct in relation to an arrest.[1] Fourth, the complaint contains no reference to Section 1983 or to any other federal law. Fifth, the complaint does not allege that Nelson was acting under color of state law as required for a Section 1983 claim.[2]

---

[1] *E.g., Breland v. Ford*, 693 So. 2d 393, 395 (Ala. 1996) (upholding $2 million verdict on these theories); *Telfare v. City of Huntsville*, 841 So. 2d 1222, 1225-26 (Ala. 2002) (affirming denial of motion to dismiss/for summary judgment on these theories).

[2] The complaint instead alleges that Nelson acted within the line and scope of his employment with the entity defendants, (Doc. 4-1 at 2), which is language designed to hold the entity defendants responsible under state law for Nelson's conduct.

Sixth, the complaint does not allege that the defendants violated the plaintiff's constitutional or other federal rights, as also required for a Section 1983 claim.

The plaintiff argues the original complaint states a federal claim because its allegations "support" the conclusion that Nelson was acting under color of state law and that he deprived the plaintiff "of his rights." (Doc. 5 at 4). As noted, the complaint does not actually allege either that Nelson acted under color of state law and or that he violated the plaintiff's constitutional or other federal rights. The plaintiff "is the master of the complaint [and is] free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Hill v. BellSouth Telecommunications, Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (internal quotes omitted). The mere fact that the plaintiff could have asserted a federal claim based on the subject incident does not transform his assertion of a patently state-law claim into the assertion of a federal claim.

The plaintiff also argues that the description of the incident he provided in his brief in opposition to motion to dismiss clearly alerted the defendants that he was asserting federal claims and should have prompted them to remove even if the complaint itself did not require removal. (Doc. 5 at 5-7). The plaintiff has not invoked Section 1446(b)(3), and it is therefore not before the Court. Even had the plaintiff invoked that provision, however, and even assuming without deciding that a brief can constitute an "other paper" under that rule, it cannot be ascertained from the plaintiff's brief that the complaint contains a federal claim. First, of course, a brief cannot amend a pleading;[3] at most, a brief can clarify what is already in the pleading and, as discussed above, the complaint patently contains no federal claim. Second, the brief actually confirms that the complaint contains only state claims: it declares that the only claims are for negligence and wantonness (which are state claims), and it vigorously argues that state-agent immunity does not support dismissal – not because the complaint raises a federal claim as to

---

[3] *E.g., Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017).

which state immunity is irrelevant, but because Nelson's actions fall within an exception to state immunity. (Doc. 5-2).[4]

For the reasons set forth above, the Court concludes that the removal is not untimely. Accordingly, the plaintiff's motion to remand is **denied**.

The question remains whether Count Three asserts a federal claim so as to support removal under Section 1441(a). Count Three is labeled as "POLICE MISCONDUCT DENYING MEDICAL CARE." (Doc. 1-1 at 6). It is based on Nelson's conduct in "refus[ing] to allow Plaintiff access to a waiting ambulance for emergency treatment of his broken neck" and in "dr[iving] him around the water aimlessly for hours, frantically making calls to his boss to tr[y] to come up with a plan to cover up the Defendant's bad conduct." (*Id*.). Neither Count Three nor any other part of the amended complaint mentions Section 1983 or any other federal law, asserts that the defendants violated the plaintiff's constitutional or other federal rights, or claims that Nelson acted under color of state law. On the contrary, Count Three demands recovery against the defendants "for [their] wantonness." (*Id*. at 7). Count Three thus shares with Counts One and Two all the characteristics demonstrating that they assert state claims, not federal claims.

Nelson claims that the plaintiff "concedes that the amendment creates a cause of action that allows for removal." (Doc. 4 at 6). The assertion, even if factually accurate,[5] is legally irrelevant: "[T]he parties by consent cannot confer

---

[4] The plaintiff stresses that the brief accuses Nelson of "deliberate indifference" in not trying to save him after he fell in the water. (Doc. 5 at 5). That is a buzz word relevant under some federal constitutional claims, but its isolated usage scarcely suggests an assertion that the complaint contains a federal claim – especially since it is simply one of many descriptors, such as "extraordinarily negligent," "reckless," "intentionally" and "maliciously," (Doc. 5-2 at 2), that the plaintiff strung together for the express purpose of persuading the state court that Nelson was not entitled to state-agent immunity and not for the purpose of alerting the defendants that he was asserting a federal claim. (*Id*. at 3-4).

[5] The plaintiff nowhere expressly claims that Count Three contains a federal claim. It appears that Nelson is extrapolating (reasonably) from the plaintiff's argument regarding the federal nature of Counts One and Two, and his failure to seek remand based

4

on federal courts subject-matter jurisdiction beyond the limitations imposed by Article III, § 2." *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 851 (1986). Nor is the plaintiff's failure to seek remand for want of a federal claim significant: "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Nelson argues that the amended complaint "allege[s] facts sufficient to satisfy" the Eleventh Circuit standard for Fourteenth Amendment liability for deliberate indifference to a serious medical need. (Doc. 4 at 2-3, 7-8). Perhaps it does, but the plaintiff remains the master of his complaint, and he is free to assert only a state claim even when a federal claim is also available; indeed, he is free to assert only a state claim even when *only* a federal claim is potentially viable. *See Sams v. United Food & Commercial Workers International Union*, 866 F.2d 1380, 1385 (11th Cir. 1989) (as masters of their complaint, the plaintiffs could choose to assert only a claim they could not establish).

Finally, Nelson suggests that "[t]here is no common law tort for 'Police Misconduct Denying Medical Care.'" (Doc. 4 at 8). Nelson offers no authority for the proposition that the Alabama Legislature or its courts have negated any such claim, so the Court cannot take the assertion at face value. And it is of course not unprecedented for the Alabama Supreme Court to create a new tort or to expand an existing one to fit additional situations. In addition, Nelson ignores that Count Three demands recovery for wantonness, which is of course a recognized state-law cause of action. Moreover, as noted in the preceding paragraph, even if the plaintiff has no chance of prevailing on his asserted state-law claim, that cannot transform his claim into an unpleaded federal claim.

---

on the absence of a federal claim in Count Three, that the plaintiff must consider Count Three to be a federal claim.

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (internal quotes omitted). Nelson has not met this burden. Accordingly, this action is **remanded** to the Circuit Court of Washington County.

DONE and ORDERED this 7th day of May, 2018.

>    s/ WILLIAM H. STEELE
>    UNITED STATES DISTRICT JUDGE